UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    BIRCH GROVE LANDSCAPING                BK 15-11984 CLB
    & NURSERY, INC.

                            Debtor                         <u>DECISION & ORDER</u>
------------------------------------------------------

                          Daniel E. Brick, Esq.
                          91 Tremont Street
                          P.O. Box 604
                          North Tonawanda, NY 14120-0604
                          Attorney for Trustee

                          Zdarsky, Sawicki & Agostinelli, LLP
                          Mark J. Schlant, Esq., of counsel
                          1600 Main Place Tower
                          Buffalo, NY 14202
                          Special Counsel to Trustee

                          Andreozzi Bluestein LLP
                          Daniel F. Brown, Esq., of counsel
                          9145 Main Street
                          Clarence, NY 14031
                          Attorney for Jason and Jennifer Burford

                          Joseph W. Allen, Esq.
                          Office of the U.S. Trustee
                          Olympic Towers
                          300 Pearl Street, Suite 401
                          Buffalo, NY 14202
                          Assistant United States Trustee


Bucki, U.S.B.J.

      Stockholders of the debtor object to the trustee's proposed payment of a contingent fee due under the terms of a retainer agreement with special counsel. This

dispute presents two primary issues. The first is whether counsel was properly retained under the provisions of 11 U.S.C. § 328(a). The second is whether the financial resources of a targeted defendant is a factor not capable of being anticipated, so as to allow the Court to override the contingent fee agreement.

Birch Grove Landscaping & Nursery, Inc. ("Birch Grove") filed a petition for relief under Chapter 11 of the Bankruptcy Code on September 18, 2015. Then, during the pendency of this case in Chapter 11, the debtor in possession commenced an adversary proceeding to avoid various pre-petition transfers that were allegedly made to a former owner, to the decedent's estate of that former owner, to his surviving spouse, and to an affiliated corporation. One of these alleged transfers involved the granting of a security interest in personal property that was subject also to the contested lien of another creditor. Pursuant to 11 U.S.C. § 363(f), upon a finding that the security interests were in bona fide dispute, this Court authorized a series of sales of the collateral. Completed in June of 2017, these sales generated net proceeds of $225,310.71. By agreement, counsel for the debtor was to hold this sum in escrow until further order of the Court.

At the request of the debtor, this case was converted to Chapter 7 on July 17, 2017. Then on April 4, 2018, the Court granted the application of the Chapter 7 trustee to employ the law firm of Zdarsky, Sawicki & Agostinelli, LLP, as special counsel. As stated in the trustee's application, the special purpose of employment was "to investigate and prosecute claims under Chapter 5 of the Bankruptcy Code and

various provisions of the New York Debtor and Creditor Law." The application for employment further recited that for its services, special counsel would be compensated "on a contingent fee basis of 25% with a minimum fee of $10,000 based on actual time incurred."[1] As anticipated at the time of its appointment, special counsel focused its attention on prosecution of the adversary proceeding that the debtor in possession had already commenced against the decedent's estate of the former owner.

On March 6, 2019, special counsel filed a motion on behalf of the Chapter 7 trustee to approve a compromise of the outstanding adversary proceeding and to authorize payment of a contingent fee. With some minor modifications not relevant to the present dispute, the Court approved a settlement stipulation under which the trustee will receive sixty percent of the sale proceeds in full satisfaction of all claims against the defendants in the adversary proceeding. Consequently, the trustee waived recovery of allegedly fraudulent conveyances in an unspecified but substantially greater amount. From the net proceeds of $225,310.71 that are now held in escrow, the bankruptcy estate will receive $135,186.43. A contingent fee of 25 percent of this recovery would result in an allowance for attorney fees in the amount of $33,796.60. Although it asserts a right to the contingent fee, special counsel acknowledges that at customary billing rates, its attorneys recorded time having a value of less than

---

[1] The phrase "based on actual time incurred" appears to have been added or retained in error. Notwithstanding this clause, the trustee clearly intended the appointment of counsel on a contingent fee basis.

$6,000.

Jason and Jennifer Burford were the owners of the debtor on the date of bankruptcy filing. In objecting to the proposed payment of legal fees, they contend that a contingent fee was never pre-approved and that in any event, the proposed fee should be disallowed as unreasonable. The Burfords note that efforts of special counsel resulted in no recovery of funds that were not already subject to the further order of this Court. In response, special counsel asserts that its employment agreement allows payment of a contingent fee without regard to time actually expended. Counsel further explains that after reviewing the financial circumstances of the defendants, it determined that the estate was unlikely to recover any sum greater than that derived by way of settlement.

Discussion

Section 328(a) of the Bankruptcy Code establishes relevant limitations on compensation of professional persons, as follows:

> "The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

The Burfords correctly observe that the order appointing special counsel makes no

specific reference to 11 U.S.C. § 328(a). This absence is relevant, but not determinative, with regard to proper authorization of employment on a contingent fee basis. On this very question, the Second Circuit Court of Appeals set the applicable standard:

> "We agree with the Sixth Circuit and hold that pre-approval of a fee agreement under 11 U.S.C. § 328(a) depends on the totality of the circumstances, including whether the professional's application, or the court's order, referenced section 328(a), and whether the court evaluated the propriety of the fee arrangement before granting final, and not merely preliminary, approval."

*In re Smart World Technologies*, 552 F.3d 228, 233 (2nd Cir. 2009).

In the present instance, more than seven months transpired between the designation of a trustee on July 17, 2017, and entry of an order appointing special counsel on April 4, 2018. During that interval, pursuant to Bankruptcy Rule 7016 and Rule 16 of the Federal Rules of Civil Procedure, this Court scheduled seven pretrial conferences for the adversary proceeding against the estate of the debtor's prior owner. All were adjourned due largely to the trustee's inability to secure special counsel. Already knowing the difficulties that the trustee had encountered, this Court was satisfied with his brief additional explanation for the request to employ Zdarsky, Sawicki & Agostinelli, P.C., on a contingent fee basis. As stated in paragraph 6 of his motion, the trustee believed that "[t]his contingent fee arrangement will eliminate the risk of depletion of the estate in the prosecution of the Claims" and "that this contingent fee arrangement is in the interests of creditors as well as compensating the counsel for time spent in preparing and analyzing the matter." Prior to approving the retention, the Court also had benefit of a statement from the Office of the United

States Trustee that it had no opposition to the appointment on the stated terms.

Although the trustee's motion did not expressly reference section 328(a), the moving papers clearly identified a contingent fee arrangement that this Court could only authorize under the authority of that statute. On the totality of the circumstances, we find that a contingent fee arrangement was properly pre-approved.

"Where the court pre-approves the terms and conditions of the retention under section 328(a), its power to amend those terms is severely constrained." *In re Smart World Technologies*, 552 F.3d at 232. Pursuant to 11 U.S.C. § 328(a), a contingent fee arrangement can be disregarded only "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." Here, based upon a determination that the defendants had no other meaningful resources against which a judgment could be satisfied, special counsel recommended a settlement that merely allocated funds already being held in escrow. At issue is whether this lack of resources is a consideration not capable of being anticipated.

To creditors everywhere, the very existence of a bankruptcy code serves as a reminder that the legitimacy of a claim does not guarantee a monetary recovery. For this reason, a defendant's ability to pay will always remain a necessary and proper consideration in the development of litigation strategies. Moreover, because they rarely administer cases that achieve full repayment to creditors, Chapter 7 trustees know that even valid claims are not necessarily collectible. In the present instance, as in any litigation, the parties not only had the capacity to anticipate the

consequences of the defendants' lack of financial resources, but should have contemplated this possibility at the time of appointment of counsel.

The trustee represents that his settlement recommendation takes into account the financial resources of the defendants. Because this was a consideration capable of being anticipated, the Court finds no improvidence in its approval of the contingent fee arrangement. Accordingly, the payment of the contingent fee is appropriately allowed. The trustee may therefore proceed to pay $33,796.60 to his special counsel on account of services rendered.

So ordered.

Dated: August 15, 2019  
       Buffalo, New York

/s/ Carl L. Bucki  
----------------------------------------------  
Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.